UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:08-410

UNITED STATES, PLAINTIFF

v. **OPINION AND ORDER**

REAL PROPERTY AND RESIDENCE LOCATED AT
4816 CHAFFEY LANE, ET AL. DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Joint Motion for an Interlocutory Sale [DE 39] filed by the United States and third-party-in-interest, Bank of America, and the Motion for Release of Property [DE 50] filed by Baniel, LLC.

With its Complaint in this matter, the government seeks forfeiture of two tracts of real property, eight bank accounts, and a yacht on the basis that they constitute proceeds of fraud and money laundering. The yacht is owned by Baniel, LLC which is, in turn, solely owned by Megan Coffman. The government seized the yacht in October 2008.

Bank of America financed the yacht's purchase pursuant to a promissory note which is now in default. The parties agree that the value of the yacht when the government seized it was approximately $2 million. The balance of the note is approximately $637,000.

**I.     Background.**

In a separate criminal action, the government indicted Megan Coffman and her

husband, Bryan Coffman, on money laundering charges.

After a trial on the criminal charges, the jury acquitted Megan Coffman. However, her husband was convicted of various charges including money laundering. In the criminal action, the government seeks forfeiture of the same assets that are the subject of this action including the yacht.

On the government's motion, this civil matter was stayed pending the resolution of the criminal action. At that time, the United States represented that the outcome of the criminal case could "affect the necessity of this civil action." Further, it represented that "[s]hould the forfeiture issue be resolved in the criminal case, the United States will move to dismiss this action. If not, the United States will proceed with any remaining issues at the conclusion of the criminal case."

In their motions pending before the Court, the government and Bank of America move the Court to order the interlocutory sale of the yacht. They further assert that Bank of America has a superior interest in the property secured by the mortgage which cannot be forfeited pursuant to 18 U.S.C. § 983 and all applicable forfeiture laws. The government and Bank of America assert that, if the yacht is sold, the proceeds will be used to satisfy the mortgage.

In its motion, Baniel moves the Court to release the yacht to Megan Coffman pending completion of this civil action.

**II.  Analysis.**

In support of their respective motions, the parties all cite Section 7(b)(i) of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. That provision permits the Court to order an interlocutory sale of property subject to forfeiture in a civil case where A) the property is at risk of deterioration or decay; B) the expense of keeping the

property exceeds or is disproportionate to its market value; C) the owner is in default on a mortgage on the property; or D) other good cause.

Supplemental Rule G (7)(b)(v) provides that these same circumstances also permit the Court to order that the property be delivered to the claimant pending the completion of the forfeiture action.

All parties agree that Baniel is in default on the mortgage on the yacht. Baniel and Megan Coffman argue that Baniel has been unable to make payments on the mortgage since Megan's indictment because the government wrongfully placed lis pendens notices against her assets while the criminal action was pending. Regardless of the reason, however, the fact remains that Baniel is in default and, thus, absent forfeiture proceedings, Bank of America would have a right to foreclose on the yacht. While the government's claims to the yacht may be in dispute, Bank of America's rights in the event of Baniel's default on the mortgage are not. Baniel and Megan Coffman explicitly state that they do not dispute that Bank of America has a legitimate security interest in the yacht or that they have not made payments on the note since December 2009. [DE 43, Response at 6].

Baniel and Megan Coffman also argue that they have offered to reinstate the loan. Nevertheless, Bank of America has declined that offer asserting that the loan has already been accelerated and charged off.

Given Baniel's default on the mortgage, releasing the yacht to Megan Coffman is not justified or reasonable. Baniel's default also weights heavily in favor of ordering an interlocutory sale of the yacht. If not for the forfeiture proceedings, Bank of America could have already

property exceeds or is disproportionate to its market value; C) the owner is in default on a mortgage on the property; or D) other good cause.

Supplemental Rule G (7)(b)(v) provides that these same circumstances also permit the Court to order that the property be delivered to the claimant pending the completion of the forfeiture action.

All parties agree that Baniel is in default on the mortgage on the yacht. Baniel and Megan Coffman argue that Baniel has been unable to make payments on the mortgage since Megan's indictment because the government wrongfully placed lis pendens notices against her assets while the criminal action was pending. Regardless of the reason, however, the fact remains that Baniel is in default and, thus, absent forfeiture proceedings, Bank of America would have a right to foreclose on the yacht. While the government's claims to the yacht may be in dispute, Bank of America's rights in the event of Baniel's default on the mortgage are not. Baniel and Megan Coffman explicitly state that they do not dispute that Bank of America has a legitimate security interest in the yacht or that they have not made payments on the note since December 2009. [DE 43, Response at 6].

Baniel and Megan Coffman also argue that they have offered to reinstate the loan. Nevertheless, Bank of America has declined that offer asserting that the loan has already been accelerated and charged off.

Given Baniel's default on the mortgage, releasing the yacht to Megan Coffman is not justified or reasonable. Baniel's default also weights heavily in favor of ordering an interlocutory sale of the yacht. If not for the forfeiture proceedings, Bank of America could have already

property exceeds or is disproportionate to its market value; C) the owner is in default on a mortgage on the property; or D) other good cause.

Supplemental Rule G (7)(b)(v) provides that these same circumstances also permit the Court to order that the property be delivered to the claimant pending the completion of the forfeiture action.

All parties agree that Baniel is in default on the mortgage on the yacht. Baniel and Megan Coffman argue that Baniel has been unable to make payments on the mortgage since Megan's indictment because the government wrongfully placed lis pendens notices against her assets while the criminal action was pending. Regardless of the reason, however, the fact remains that Baniel is in default and, thus, absent forfeiture proceedings, Bank of America would have a right to foreclose on the yacht. While the government's claims to the yacht may be in dispute, Bank of America's rights in the event of Baniel's default on the mortgage are not. Baniel and Megan Coffman explicitly state that they do not dispute that Bank of America has a legitimate security interest in the yacht or that they have not made payments on the note since December 2009. [DE 43, Response at 6].

Baniel and Megan Coffman also argue that they have offered to reinstate the loan. Nevertheless, Bank of America has declined that offer asserting that the loan has already been accelerated and charged off.

Given Baniel's default on the mortgage, releasing the yacht to Megan Coffman is not justified or reasonable. Baniel's default also weights heavily in favor of ordering an interlocutory sale of the yacht. If not for the forfeiture proceedings, Bank of America could have already

foreclosed on the yacht to satisfy its loan.

Baniel expresses concern that an interlocutory sale will result in a low price for the yacht. To alleviate such concerns, the Court will direct the U.S. Marshal to conduct the sale in a commercially reasonable manner taking into consideration the characteristics of the property being sold. If may well be that the purchase price for the yacht would be more if it were not sold in a forced sale. That is generally the case when property is sold in such circumstances but that does not diminish the mortgage holder's rights.

At a hearing in the criminal matter, counsel for Megan Coffman and Baniel suggested consolidating this action with the criminal action. Because this civil action involves the same property as the criminal forfeiture proceeding, consolidation of the two actions is an efficient means of resolving them both. Accordingly, the Court will order that this action be consolidated with the criminal action.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) The Joint Motion for an Interlocutory Sale [DE 39] is GRANTED and, thus, the Joint Motion for Order for an Interlocutory Sale [DE 55] is DENIED as moot;

2) Baniel's Motion for Release of Property [DE 50] is DENIED;

3) The United States Marshal SHALL COMMENCE an interlocutory sale of the yacht identified as a defendant in this action. The sale SHALL BE CONDUCTED in accordance with Supplemental Rule G(b) and SHALL BE CONDUCTED in a commercially reasonable manner taking into account the characteristics of the yacht;

4

4) The United States Marshal is AUTHORIZED to use the proceeds from the sale to satisfy the mortgage held by Bank of America. The remaining funds SHALL BE held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action;

5) This civil action SHALL BE CONSOLIDATED with criminal action, *United States v. Bryan* Coffman, 5:09-cr-181-KKC; and

6) All future filings SHALL BE MADE in the criminal action, *United States v. Bryan* Coffman, 5:09-cr-181-KKC and the Clerk of the Court is DIRECTED to file this Opinion and Order in that criminal action.

Dated this 17th day of February, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge