UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

**MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN                                                         DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the court on Bryan Coffman's Motion for a New Trial. [DE 492]. For the following reasons, Coffman's motion is **DENIED**.

Coffman argues that he is entitled to a new trial "based upon newly discovered evidence and the government's failure to disclose exculpatory evidence." [DE 492 at 1]. The "newly discovered evidence" comprises emails between Ryan Lee, a Government expert who traced investor money through various bank accounts, and Jeff Jacob an employee of Central Bank. Coffman argues that the emails show "the government had communication regarding the preparation of Mr. Lee's testimony for the trial of this action." [DE 492 at 2]. Coffman argues that he was "denied an opportunity to expose the potential bias of the government's seemingly detached neutral expert" and is entitled to a new trial. [DE 492 at 3].

Defendant's legal argument is based on *Schledwitz* v. *United States,* 169 F.3d 1003 (6th Cir. 1999). In *Schledwitz*, the expert at issue:

> was presented to the Court, the jury, and the defense counsel, as a *former* IRS criminal investigator, with a 30-year background in accounting, *brought out of retirement* and paid $20.00 an hour to review bank records supplied by the government and to trace the flow of money in order to assist the United States in the preparation of its case.

1

*Schledwitz,* 169 F.3d at 1015 (emphasis added). The prosecution hid from the defense team that the expert "had investigated [the defendant] for years." *Id.*

The circumstances surrounding Ryan Lee's testimony bear no resemblance to the facts in *Schledwitz*. Ryan Lee testified as a financial analyst and it was known that he was a government employee and member of the investigative team. He was not presented as a neutral, detached expert. Further, the email at issue was sent on May 11, 2011 when the jury had already begun deliberations and after Lee had testified. [DE 345]. The email relates to Lee's preparation for testimony in a separate hearing regarding forfeiture, not guilt at trial.

Coffman argues that there are "potentially numerous communications between Central Bank and the government discussing Mr. Lee's testimony at the criminal trial." [DE 492 at 2]. Even if "numerous communications" exist, this evidence does not "expose the bias" of Mr. Lee because Mr. Lee was not a "seemingly detached and neutral expert." Coffman argues that this evidence "could have been used to impeach the credibility of [Mr. Lee] by demonstrating that [he] was working with Central Bank and the government in preparing his testimony." Mr. Lee was a government employee and investigator. Central Bank searching bank records to assist Ryan Lee does not impeach his credibility such that Coffman's guilty verdict is not "worthy of confidence." As in any case, Coffman was free to question Mr. Lee about any communications made in preparation for his testimony, including any communications with the Assistant United States Attorney and Central Bank.

Even without the Government turning over the email at issue and the "potentially numerous communications between Central Bank and the government discussing Mr. Lee's testimony at the criminal trial," Bryan Coffman still "received a fair trial . . . a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Accordingly, Defendant's Motion for a New Trial [DE 492] is **DENIED.**

**SO ORDERED.**

Dated this 23rd day of July, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge