UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                             **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN                                                           DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on Bryan Coffman's Motion for Release Pending Appeal. [DE 512]. Defendant also submitted a Notice of Additional Authority. [DE 555]. For the following reasons, the motion is **DENIED**.

After his conviction and sentence on multiple counts of mail fraud, wire fraud and money laundering, Bryan Coffman moves for release pending appeal pursuant to 18 U.S.C. § 3143. Coffman has filed a notice of appeal [DE 517, DE 523] and is appealing his conviction and sentence. Coffman was not detained prior to trial or after trial before sentencing. The Court allowed Coffman to self-report to begin service of his sentence, which he did on May 18, 2012. [DE 535].

"The Bail Reform Act, 18 U.S.C. § 3143(b) creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The Bail Reform Act requires the Court to make two findings before granting bail pending appeal. 18 U.S.C. § 3143(b). First, the Court must find that the convicted person will not flee or pose a danger to the community if granted bail. Second, the Court must find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a

1

new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985); *United States v. Osborne*, No. 1:06CR-06, 2007 WL 1741784, at *1 (W.D. Ky. June 11, 2007). "[A]n appeal raises a substantial question when [it] presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182 (internal quotation marks and citation omitted).

In allowing Coffman to remain on bail prior to sentencing and to self-report after sentencing, the Court found that Coffman is neither a flight risk nor a danger to the community. Coffman must be detained pending appeal, however, because his appeal does not raise a substantial question of law or fact that would likely result in reversal or a new trial.

First, Coffman argues that the mail and wire fraud counts should have been dismissed because the mail and wire fraud statutes do not apply extraterritorially under *Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869 (2010). This argument has been considered and rejected by the Court. [DE 201]. For the reasons discussed in the Memorandum Opinion and Order dated February 14, 2011, the *Morrison* argument does not raise a substantial question of law. [DE 201].

Next, Coffman raises a number of arguments relating to alleged criminal/civil collusion between the Kentucky Department of Financial Institutions and the Financial Crimes Task Force of Lexington/Central Kentucky. Again, the Court considered and rejected Coffman's arguments. [DE 230]. For reasons discussed in the Memorandum Opinion and Order dated March 7, 2011, [DE 230] the criminal/civil collusion argument does not raise a substantial question of law.

Coffman argues that the Court should have granted his motion to sever. The Court considered and rejected this argument. This issue does not raise a substantial question of law for the reasons stated in the Memorandum Opinion and Order dated October 6, 2010. [DE 146].

Coffman argues that the Court erred in denying his motion to dismiss the money laundering counts as unconstitutionally duplicitous and erred in failing to grant a judgment of acquittal to Counts 24, 26, 29, 30, 31, and 32 because those actions were completely in the control of a third party. This issue does not raise a close question for reasons stated in the Memorandum Opinion and Order dated October 18, 2010. [DE 151].

Coffman also objects to a number of evidentiary rulings made at trial. Coffman argues that the Court erred in denying a motion for a mistrial because of Eric Taylor's testimony, that the Court erred by allowing Manning Warren to testify as to his opinions regarding securities law and that he was prohibited from cross-examining Victor Tsatskin. These evidentiary issues do not raise a substantial question of law or fact that would likely result in a reversal or a new trial. First, the Court does not believe that any of these rulings present a "close question or one that could go either way." Next, even if the Court erred in one or more evidentiary rulings, these rulings will be entitled to deference on appeal and could be considered harmless error in light of the other substantial evidence of Coffman's guilt.

Coffman argues that the Government should not have been permitted to amend the indictment to add a count of aiding and abetting. The federal aiding and abetting statute "does not define a crime; it merely provides a means of establishing liability under some other substantive criminal statute." *United States v. Dents*, 978 F.2d 1259, 1992 WL 317151 at *5 (6th Cir. 1992). Therefore, "the inclusion of an aiding and abetting instruction d[oes] not add to the substantive charges contained in the indictment," and an aiding and abetting instruction may be

given even if the indictment does not allege a violation of the aiding and abetting statute. *Id.*; *see also United States v. Alexander*, 447 F.3d 1290, 1298 (10th Cir. 2006). For the foregoing reasons, adding aiding and abetting at the close of trial does not raise a substantial question of law that would likely result in a new trial.

The Court notes that Coffman has not moved for a new trial on any of the grounds discussed above. Coffman has moved for a new trial on one issue, arguing that he is entitled to a new trial "based upon violations of the government's obligations to disclose exculpatory evidence." As discussed in this Court's Memorandum Opinion and Order entered contemporaneously with this Order, this argument has no merit and does not raise a substantial question of law.

Finally, Coffman submits a notice of additional authority in support of his motion. [DE 555]. In that notice, Coffman argues that *Bennett v. Durham*, __ F.3d __, 2012 WL 2428598 (6th Cir. June 28, 2012) supports release pending appeal. The case, however, is readily distinguishable. First, the lawyer defendants were alleged to have violated Kentucky's civil securities laws by offering to sell unregistered securities, not federal mail fraud, wire fraud, money laundering and securities fraud statutes. More importantly, although the plaintiffs in *Bennett* alleged that the defendant lawyer "went beyond a role of serving as counsel . . . and was not merely an attorney and legal advisor," the Sixth Circuit found that the plaintiffs "d[id] not say how or when or otherwise elaborate" on those allegations. *Bennett*, 2012 WL 2428598, at *3.

In Coffman's criminal trial, the Government elaborated on the allegation that Coffman "went beyond the role of serving as counsel." In fact, the Government's entire case against Coffman centered on Coffman's role as a direct perpetrator of fraud rather than a lawyer providing services to a client or doing the client's bidding. Further, in *Bennett*, the Sixth Circuit

4

stated that "[o]f course, an attorney who knowingly drafted false or misleading documents would face *other* problems. He might be liable for fraud . . . ." *Id. Bennett* does not raise a substantial question of law likely to result in reversal or a new trial and provides no support for Coffman's motion for release pending appeal.

Coffman's notice of additional authorities also argues he is not receiving appropriate medical care because BOP placed him in Terre Haute, Indiana, not FMC Lexington as the Court recommended. Coffman is free to address this issue in a separate lawsuit against the BOP, but it is not relevant to the issue of bail pending appeal. Coffman's appeal does not raise a substantial question of law or fact which would likely result in reversal or a new trial. Accordingly, Coffman's Motion or Release Pending Appeal [DE 512] is **DENIED**.

**SO ORDERED**.

Dated this 23rd day of July, 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge