UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                             **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN, ET AL.                                       DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Corrie Anderson's Motion for Summary Judgment. (DE 470). Anderson seeks summary judgment on her claim to 2032 Egret Crest Lane, Charleston, South Carolina (the "Condo"). The Government argues that her claim is premature because factual disputes remain. Because Anderson has not satisfied her burden on summary judgment, her motion will be DENIED.

I. **BACKGROUND**

A jury convicted Bryan Coffman of mail fraud, wire fraud, securities fraud, and money laundering. The indictment charged Coffman with running an investment scheme in which he defrauded investors by misrepresenting the value or existence of various oil and gas investments and transferred millions of dollars of investor funds into personal accounts. The indictment contained forfeiture allegations, and after the jury trial, Coffman waived his right to a jury trial on the forfeiture issues. (DE 349). The Government then sought, and the Court granted, a preliminary order of forfeiture of investor funds in various financial accounts as well as funds purchased with investor funds. Among those assets was the Condo. The Court granted the Government's Preliminary Order of Forfeiture (461) on the Condo after concluding that the

1

money in the accounts used to launder money to purchase the Condo and Condo itself are both subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1). In addition, the Court noted that because the Condo itself is proceeds of a specified unlawful activity, it is also subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). In this ancillary proceeding, Anderson now seeks summary judgment on her third-party claim that the Condo should not be forfeit.

## II. LEGAL STANDARD

Although Federal Rule of Criminal Procedure 32.2(c) governs a criminal forfeiture proceeding, the summary judgment standard of the Federal Rules of Civil Procedure applies in this ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c); *United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. *Pennington v. State Farm Mut. Automobile Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* The Court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

This ancillary proceeding has commenced pursuant to 21 U.S.C. § 853. To prevail, Anderson must establish that she is a bona fide purchaser for value without cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B). Genuine factual disputes remain as to Anderson's status as a bona fide purchaser without knowledge.

First, there is a dispute about the alleged value Anderson offered for the condo. At the criminal trial, Anderson testified that in February 2008, she borrowed $151,000 from Dacorta, LLC, an entity owned by her sister Megan Coffman. (DE 538-1 Trial Transcript Volume 9, May 2, 2011 at 159-160, 5:09-cr-181-KKC) The loan was Megan Coffman's idea. (*Id.* at 174.) Anderson further testified that she used this loan to purchase the Condo as a home for her husband and herself. (*Id.* at 178; DE 470-2, Deed) To obtain the loan, Anderson signed a mortgage setting the interest rate at 6% and granting Dacorta a first secured interest in the Condo. (*Id.* at 172; DE 470-3, Mortgage.) Anderson testified that she has made all payments, of $1,200 each, due on the mortgage on a monthly basis. (*Id.* at 179.) The Government emphasizes that there is no evidence of these payments in the record, nor is there any evidence that Anderson had any real equity in the property. The Government also points to Anderson's statements to the Postal Inspector and assert these show how removed she was from the financing of the Condo. (DE 516-1, Bottoms Aff. at 4.) ("I know [Megan Coffman] wrote a personal check for some earnest money. But as for how the actual purchase price was handled, I don't know. I've never had any reason to distrust my sister.") At this stage, Anderson has not demonstrated she provided valuable consideration. *See, e.g. United States v. Morgan*, Criminal No. 01-242-01, 2002 WL 922107, *2 (E.D. Pa. May 6, 2002)(requiring a petitioner to show more than merely co-signing a loan to establish that she purchased the subject property in an arm's-

length transaction and thus qualifies as a bona fide purchaser for value). As a result, there is a question of material fact as to whether Anderson provided actual value.

Second, there is a dispute whether Anderson was without cause to believe the property was subject to forfeiture. This must be a reasonably objective belief. *United States v. Brown*, 509 F. Supp. 2d 1239, 1246 (M.D. Fla. 2007). This standard requires the petitioner to undertake a duty of reasonable inquiry. *United States v. Armstrong*, Criminal No. 05-130, 2007 WL 7335173, *3 (E.D. La. June 1, 2007). Furthermore, one who is willfully blind cannot satisfy the "without cause to believe" requirement of 21 U.S.C. § 853(n)(6)(B). *Brown*, 509 F. Supp. 2d at 1246-47. Anderson's statements to the Postal Inspector raise a genuine issue of material about this requirement. (DE 516-1, Bottoms Aff. at 4-5). In an exchange with the Postal Inspector, Anderson discusses a "gut feeling" about her sister Megan Coffman and her husband Bryan Coffman and how "they came into money so quickly." (*Id.*) Additionally, Anderson discussed how she accepted the role of registered agent for Bryan Coffman's South Carolina corporations but had no idea what that role entailed. (*Id.* at 3.) Given these statements, there remains a genuine issue of material fact about whether Anderson reasonably believed Condo was not subject to forfeiture.

## IV. CONCLUSION

Because there are key facts in dispute to be resolved, the Court will allow the ancillary proceeding to continue. Accordingly, IT IS HEREBY ORDERED that Anderson's Motion for Summary Judgment is DENIED.

Dated this 15th day of November, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge